**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory G. McGill, | No. CV-13-02003-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Sunrise Bank of Arizona, et al., | |
| Defendants. | |

Before the Court are Defendant Federal Deposit Insurance Corporation's Motion for Reconsideration of the FDIC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 60), Plaintiff's Memorandum of Points and Authorities in Opposition to FDIC's Motion (Doc. 66) and Defendant's Reply (Doc. 79). For the reasons that follow, Defendant's Motion will be denied.

"Motions for reconsideration are disfavored and should be granted only in rare circumstances." *United States v. Vistoso Partners, LLC*, No. CV10-0444 PHX DGC, 2011 U.S. Dist. LEXIS 69841, at *1 (D. Ariz. June 27, 2011) (citation omitted). "A motion for reconsideration will be denied 'absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence.'" *Id.* (brackets in original) (citing LRCiv 7.2(g)(1)). "Mere disagreement with an order is an insufficient basis for reconsideration." *Id.* (citation omitted). "Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis." *Id.* at *1-2 (citing *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988)).

Defendant has not shown a manifest error in the Court's previous Order (Doc. 56). Defendant's discussion of the relevant facts and legal authorities, while more thorough than in Defendant's Motion to Dismiss Case as to Defendant Sunrise Bank Based Upon Lack of Subject Matter Jurisdiction (Doc. 30) or its Reply (Doc. 47) in support of that Motion, covers no new ground. Instead, Defendant's Motion merely "ask[s] the Court to rethink its analysis." *Id.*

The demanding standard governing motions for reconsideration aside, Defendant's arguments are unpersuasive. Defendant is right that the mere pendency of Plaintiff's state court action at the time Sunrise Bank of Arizona ("Sunrise") went into receivership does not excuse Plaintiff from complying with 12 U.S.C. § 1821(d)(3)(B)(i)'s requirement that he "present [his] claims, together with proof, to the receiver" by the statutorily specified date. *See Intercontinental Travel Mktg. v. FDIC*, 45 F.3d 1278, 1282-83 (9th Cir. 1994) ("In *Henderson v. Bank of New England* we held that no jurisdiction exists if a claimant does not exhaust [the Financial Institutions Reform, Recovery and Enforcement Act of 1989's] administrative process. … [W]e see no reason, in § 1821(d) or any other source, why that holding should not apply to cases in which the claimants filed their action *before* the FDIC was appointed as receiver, and we extend *Henderson*'s holding accordingly." (emphasis in original) (citation omitted)). But Defendant places too much stress on the statute's requirement that a claim include "proof" of its allegations.

As Defendant concedes, Plaintiff need not use the FDIC-provided Proof of Claim form when filing his claim. Doc. 60 at 2. His August 2013 emails to Defendant regarding alleged fraud by Sunrise can therefore suffice, as long as they provide adequate notice to Defendant of Plaintiff's claim. Defendant repeatedly cites language from a Third Circuit case holding that a claim filed with the FDIC under § 1821(d) must be "identified, quantified and substantiated." *FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3d Cir. 1991). As an initial matter, this Court is not bound by the decisions of the Third Circuit or its subsidiary district courts. Defendant writes that

"courts have *consistently* held that a claimant, such as Plaintiff, must provide the FDIC-R with more than a simple notice of a claim; he must provide actual ***proof*** of the underlying facts and ensure that the claim is sufficiently '***identified, quantified and substantiated***,'" Doc. 60 at 2 (first emphasis added) (bold and underlining in original), yet Defendant's Motion provides no citation to Ninth Circuit authority for this proposition. The Motion does cite to an opinion from the Eastern District of California, but that opinion nowhere uses the words "identified," "quantified" or "substantiated." *See Cipponeri v. FDIC*, No. CIV-F-09-0688 AWI DLB, 2010 U.S. Dist. LEXIS 63000 (E.D. Cal. June 24, 2010). Moreover, the "identified, quantified and substantiated" language in *Shain* was offered in passing; that case simply did not address the question of how detailed a claim must be in order to give the FDIC sufficient notice of potential liability.

Even if this standard were "consistently" applied in other circuits, and even if it were binding on this Court, Defendants have not established that Plaintiff's August 2013 emails to the FDIC fall short. Far from a "rambling account of his state court lawsuit," Doc. 60 at 6, Plaintiff's August 23, 2013, email to Greg Hernandez in the FDIC Office of Communications offers a relatively clear, straightforward and concise, yet thorough, account of the acts he alleges Sunrise committed. The email does not cite to statutory provisions or case law that would support Plaintiff's claim, but it alleges that Sunrise committed "valuation fraud," made a loan in violation of its own internal policies, and induced Plaintiff to take out a loan without disclosing the underlying land's true value. Defendant was not left "to dig through the exhibits in order to surmise what claims [Plaintiff] might possibly bring." Doc. 79 at 3 (quoting *FirsTier Bank, Kimball, Neb. v. FDIC*, 935 F. Supp. 2d 1109, 1119 (D. Colo. 2013)). The email, which provides significantly more information than could fit on the FDIC's own Proof of Claim form, sufficiently "identifie[s]" Plaintiff's claim.

It is true that Plaintiff's emails nowhere specify an exact dollar amount that he seeks from Defendant. But neither § 1821(d) nor any case cited by Defendant requires such a precise calculation. Plaintiff's August 23, 2013, email—which describes the size

of the loan he took out from Sunrise, as well as the alleged true value of his land—provides enough detail that Defendant cannot plausibly be left wondering "whether he is requesting $5 or $5 million." Doc. 79 at 4.

Finally, Defendant's Motion asserts repeatedly that Plaintiff's emails contain "<u>no proof</u> of any kind" regarding his allegations (Doc. 60 at 7) (emphasis in original), but it is not clear exactly what kind of proof Defendant believes Plaintiff should have offered, but did not, in order to "substantiate" his claim. If Defendant's view is that Plaintiff should have submitted affidavits, spreadsheets, business records, receipts or other supporting documents along with his emails, it has neither expressed that position clearly nor cited to any supporting authority. In the absence of a clear indication that the Ninth Circuit requires "proof" of this kind, the Court declines to impose such an onerous obligation on those seeking to lodge claims with the FDIC. The *Cipponeri* court did hold, as Defendant argues, that a plaintiff who submitted the FDIC's Proof of Claim form, along with a copy of his state court complaint, could not be heard in federal court because he "did not provide any evidence for FDIC to determine whether the claim was meritorious" and thereby failed to exhaust the administrative claims process. 2010 U.S. Dist. LEXIS 63000, at *6, 19. But the FDIC in that case had sent the plaintiff an individually addressed letter asking that he submit evidence supporting his claim, which plaintiff failed to provide until the claims bar date had passed. *Id.* at *3. No such facts exist in this case. In any event, the *Cipponeri* court, given the "lack of clarity and detail" in FIRREA's rules and the "unique facts" of that case, was sufficiently unsure of its holding that it explicitly encouraged the plaintiff to appeal its ruling. *See id.* at *21.

Though lacking the clarity and organization expected of complaints filed in this Court, Plaintiff's August 2013 emails to Defendant provide enough information to qualify as the filing of a "claim" with the requisite "proof." 18 U.S.C. § 1821(d)(3)(B)(i). Defendant has not produced new facts or law that would justify reversing the Court's previous Order.

///

- 4 -

1      IT IS THEREFORE ORDERED that Defendant Federal Deposit Insurance Corporation's Motion for Reconsideration of the FDIC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 60) is denied.

      IT IS FURTHER ORDERED that Plaintiff's Motion for Oral Argument and for Leave to File Proof Re: Conveyed Damages (Doc. 94) is denied.

      Dated this 14th day of October, 2014.

_____
Neil V. Wake
United States District Judge